## HUFF v. WATKINS.

1. In action for damages for employing an agricultural laborer in plaintiff''s service, the judge erred in charging the jury that "the law required the contract between the laborer and the plaintiff upon which this action is based, to be made in the presence of one or more disinterested witnesses."

2. Section 2081 of the General Statutes does not abolish the common law right of agricultural laborers to contract with an employer, and the relation of master and servant as to such laborers may exist without regard to this statute. *Daniel* v. *Swearengen*, 6 *S. C.* 304, recognized and followed.

---

Before PRESSLEY, J., Newberry, February, 1882.

Action by William T. Huff against William Watkins. The opinion states the case.

*Messrs. Moorman & Simkins,* for appellant.

*Messrs. Suber & Caldwell,* contra.

February 15th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appeal in this case presents but a single point, as will be seen from a brief statement of the facts. The action was brought by the appellant to recover damages alleged to have been incurred because of the fact that defendant had employed a hired agricultural laborer of appellant (one Jordan Butler), after he had been in the employment of appellant some two months of the year for which he was hired, and that after notice thereof the defendant failed to discharge the said Butler. The presiding judge charged the jury "that the law required the contract between Jordan Butler and the plaintiff, to be made in the presence of one or more disinterested witnesses, and there being no testimony to the effect that it was so made, they should find for the defendant." The jury accordingly found for the defendant. The only witnesses offered to prove the contract were the other farm laborers on the place and embraced in the same contract with Jordan Butler. The judge indicated that this testimony might be received, but that it would not avail the plaintiff, as these witnesses were not disinterested.

The appellant excepted and appeals upon the ground: "Because the presiding judge erred in charging the jury that the law required the contract between Jordan Butler and the plaintiff, upon which this action is based, to be made in the presence of one or more disinterested witnesses, and that there being no testimony to the effect that it was so made, they should find for the defendant."

We think the cases of *Huff* v. *Watkins,* 15 S. C. 87, and *Daniel* v. *Swearengen,* 6 S. C. 304, are conclusive of this case and against the charge of the presiding judge. In *Huff* v. *Watkins,* a former appeal in this case, the court held that the relation

of master and servant might be created by contract between an employer and an agricultural laborer, though the laborer was to receive a portion of the crop for his services instead of standing wages; in such case the master could maintain an action against one who, with knowledge of the prior contract, employs such servant. The point as to the evidence of the contract was not made or passed upon, the question being simply whether a farm laborer, for a share of the crop, could be regarded as a servant subject to the common law right of action.

In the case of *Daniel* v. *Swearengen* the same principle was announced, and further, that it was not necessary, under the act of 1869, in reference to contracts with laborers, relied on by respondent here, that the contract should be in writing, nor was a master restricted to the mode of redress prescribed in the act. On the contrary, the court said " that this act did not take away or impair the power to contract by parol, as it existed at common law, or limit the remedies for any violation of the contract to those afforded by the said act." This case is quoted with approval in *Huff* v. *Watkins*, on that point.

The act of 1869, relied on by the respondent, found now in section 2081 of the General Statutes, provides that all contracts made between owners of land    *    *    *    and laborers shall be witnessed by one or more disinterested persons, and, at the request of either party, be duly executed before a trial justice, whose duty it shall be to read and explain the same to the parties, providing in a subsequent section a remedy for the breach of such contract. Now, if this controversy grew out of an effort by the appellant to enforce the remedy prescribed in the act, and with reference to a contract claimed to have been made under it, then we would not say but that it should have been made, either in writing, or witnessed by one or more disinterested witnesses. Neither of these questions are touched in *Huff* v. *Watkins*, or *Daniel* v. *Swearengen, supra;* the main question in the first being, whether an agricultural laborer for a share in the crop could be regarded as a servant, in the common law sense; and in the second, that question, and also whether, in order to create such a relation, it was necessary that the contract should be in writing, and whether the remedy prescribed by the statute was the only remedy that

could be resorted to by either party for a violation of the contract. In the first case, as stated, it was held distinctly that such relation could exist as to agricultural laborers for a part of the crop as well as to menial servants, or servants for wages, and in that case the contract, though not in writing and not attested by disinterested witnesses, was the subject of the action. In the latter case, it was held that a contract made under the act even, need not necessarily be in writing, unless required by one of the parties, nor were the parties restricted to the statutory remedy for a breach.

It would seem, then, from these cases, and especially from the case of *Daniel* v. *Swearengen*, that there may be two classes of contracts in such cases, one under the statute and one at common law, each having its own remedy for a violation—the class under the statute to be in writing, if required by either of the parties, otherwise not, but by the express terms of the statute "to be witnessed by disinterested persons." It is only in such a contract that the stringent remedy afforded by the act can be invoked, and where the party intends to rely upon this remedy, the contract must be made in accordance with the requirements of the act. But the act does not declare that all other contracts in such cases shall be void. It does not abolish the common law right of parties intending to enter into this relation, to contract, if they so see proper, as they could do in reference to any other matter. It simply gives them the privilege, for their own protection, to come under the act if they choose to do so, thereby becoming entitled to the remedies which the act affords.

This is the principle upon which the case of *Daniel* v. *Swearengen* was based, for the court said : "But even if a writing was necessary, it was only for the purpose of allowing either of the parties to avail himself of the remedy allowed to such contracts by the twelfth section of the act. Its provisions extend alone to those contracting, and were intended for their protection. The employer was not deprived of any rights he might have against a third person for improperly interfering with those in his service in any way by which it becomes less available to him. But in any view, the provisions referred to

do not take away or impair the power to contract by parol, as it existed at common law, or limit the remedies to those afforded by the said section, and the same may be said as to the requirement that it shall be witnessed by disinterested persons. The common law does not require that a contract like this should be witnessed by disinterested persons, nor does the act say that a contract not so witnessed shall be void. It only provides that a contract so witnessed shall be entitled to the remedies prescribed therein."

The second branch of respondent's argument proceeds upon the supposition that if the contract cannot be brought under the act it was void; that Jordan Butler was not bound by it, and that he had the right to leave when he pleased; and such being the case, that no action would accrue to appellant against respondent for employing him. The fundamental fact that Butler was the servant of appellant, being absent, this would be unanswerable if the premise upon which it is based was sound (to wit), that these parties could not contract except under the act, and that the relation of master and servant as to laborers could not exist except by virtue of the act. We think it could, or at least we think it has been so held in *Daniel* v. *Swearengen*. As the appellant is not seeking to enforce any remedy afforded by the act, we think it was error in the judge to charge that it was necessary that the contract should be witnessed by one or more disinterested witnesses.

It is the judgment of this court that the judgment of the Circuit Court be reversed.